IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES CHARLEY MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 3:18CV369-WHA |
| | ) | |
| DR. ELLIS, et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |

ORDER

This cause is before the court on a Motion for Temporary Restraining Order and Motion for Preliminary Injunction (Doc. #10).

The Plaintiff, Moon, identifies an injury sustained in July of 2017 for which he seeks treatment. The court concludes that his request for a temporary restraining order is more appropriately considered a request for a preliminary injunction and a claim for injunctive relief.

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a temporary restraining order. To overcome the rule's restrictions, a plaintiff must make clear from "specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant ." Fed.R.Civ.P. 65(b). The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir.2002). Moon, having identified an injury which occurred months earlier, has not met the Rule 65 standard of an irreparable injury.

Accordingly, the Motion for a Temporary Restraining Order (Doc. # 10) is DENIED. It is further ORDERED that the Motion for a Preliminary Injunction (Doc. # 10) is REFERRED to the assigned Magistrate Judge for action or recommendation.

Done this 17th day of April, 2018.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE