IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES CHARLEY MOON, #212228, )<br>　　　　　　　　　　　　　　　　　　) <br>　　　Plaintiff,　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br>　v.　　　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br>DR. ELLIS, *et al*.,　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　) <br>　　　Defendants.　　　　　　　　　　) | CASE NO. 3:18-CV-369-WHA |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION[1]

　　　This 42 U.S.C. § 1983 action is pending before the court on a complaint and amendments thereto filed by James Charley Moon, an indigent inmate currently incarcerated at the Russell County Jail.  In this case, Moon alleges that the defendants, medical and jail personnel employed at the jail, have acted with deliberate indifference to his medical needs.

　　　On April 16, 2018, Moon filed a motion for preliminary injunction in which he asserts that the medical defendants have failed to provide him appropriate treatment for an injury to his right wrist.  Doc. 10 at 3.  Moon requests entry of injunctive relief requiring the provision of "proper treatment at the proper time" to include referral to a free-world specialist and "then following or carrying out the doctor's orders[.]"  Doc. 10 at 3–4.

---

[1] The documents and page numbers cited herein are those assigned by the Clerk of this court in the docketing process.

On April 17, 2018, the court entered an order directing the defendants to file a response to Moon's motion for preliminary injunction. Doc. 13. The defendants filed their response in opposition to the motion for preliminary injunction, supported by relevant evidentiary materials, on May 7, 2018. Doc. 15.

Upon review of the motion for preliminary injunction and the response thereto filed by the defendants, the court concludes that this motion is due to be denied.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Moon demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion' as to the four requisites." *McDonald's*, 147 F.3d at 1306; *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary

injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper"). "'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' *Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.*, 896 F.2d 1283, 1284 (11th Cir. 1990)." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001).

### III. DISCUSSION

In the motion for preliminary injunction, Moon requests that the defendants be required to provide adequate medical care for his injured wrist. Dr. Pamela Shaw, a physician at the Russell County Jail, addresses Moon's request for relief as follows:

> On August 15, 2017, Mr. Moon was seen by Dr. Carey Clark at the Azalea Orthopedic and Sports Medicine Clinic in Tyler, Texas. Mr. Moon complained of right hand pain and right shoulder pain.
> On the same day, X-rays of Mr. Moon's shoulder and wrist were taken.
> At the time of his evaluation, medical records state that Mr. Moon was an inmate at the Henderson County Jail in Athens, Texas and that he had suffered an anterior fracture dislocation of his shoulder during an altercation with a fellow inmate.
> Dr. Clark's assessment was that at some point, Mr. Moon would benefit from surgery, but it was not required at such time.
> Mr. Moon was booked into the Russell County Jail on February 2, 2018 and charged with failure to appear before the Court for a SORNA (Sex Offender Registration and Notification Act) violation.

> On April 9, 2018, I performed a medical evaluation on Mr. Moon due to his complaints of right wrist pain. Medical records note that I informed Mr. Moon that he was dealing with an old fracture, but if he felt that it was necessary, he could seek to have surgery upon his release from Jail.
>
> Additionally, on April 11, 2018, I performed a subsequent evaluation of Mr. Moon.
>
> Per my request, Nurse Theresa Dyer ordered an x-ray of Mr. Moon's right hand to be taken.
>
> Mr. Moon's radiology report shows that he has an old healed fracture deformity, but that no new fracture or dislocation was seen. Mr. Moon can electively have his wrist re-broken, but this is not an acute medical issue that needs immediate intervention.

Doc. 15-3 at 2-3 (paragraph numbering omitted).

Turning to the first prerequisite for issuance of preliminary injunctive relief, the court finds that Moon has failed to demonstrate a substantial likelihood of success on the merits of the claims pending before the court. Moon likewise fails to demonstrate a substantial threat that he will suffer the requisite irreparable injury absent issuance of the requested preliminary injunction. The third factor, balancing potential harm to the parties, weighs more heavily in favor of the defendants as issuance of the requested preliminary injunctive relief would adversely impact the ability of jail/correctional medical personnel to determine the proper course of treatment for inmates. Finally, the public interest element of the equation is, at best, a neutral factor at this time. Thus, Moon has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff (Doc. 10) be DENIED.

2. This case be referred back to the undersigned for additional proceedings with respect to the claims raised in the complaint and amendments to the complaint.

The parties may file objections to the Recommendation on or before Ma**y 21, 2018**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations as required by the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of May, 2018.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE