IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

JAMES CHARLEY MOON, #212228,       )
                                    )
            Plaintiff,              )
                                    )
v.                                  )       Case No. 3:18-CV-369-WHA-WC
                                    )
DR. ELLIS, et al.,                  )
                                    )
            Defendants.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

James Charley Moon, an indigent inmate, initiated the instant 42 U.S.C. § 1983 action on March 23, 2018. In this civil action, Moon challenges the constitutionality of medical treatment provided to him at the Russell County Jail in March of 2018. Doc. 1 at 1–6.

The order of procedure entered on March 26, 2018, instructed Moon to immediately inform the court of any new address. Doc. 4 at 4, ¶7 ("The plaintiff shall immediately inform the court and the defendants or, if counsel has appeared on behalf of the defendants, counsel of record of any change in his address. Failure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action."). The docket indicates Moon received a copy of this order. However, the postal service returned as undeliverable an order entered on August 9, 2019 (Doc. 34)

because Moon no longer resided at the last address he had provided to the court for service.[1] This order directed Moon to advise the court of his current address on or before August 29, 2019.   As of the present date, Moon has failed to provide the court with his current address pursuant to the directives of the orders entered in this case.   The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).   After such review, the court finds that dismissal of this case is the proper course of action.   Initially, the court notes that Moon is an indigent individual and the imposition of monetary or other punitive sanctions against him would be ineffectual.   Moreover, Moon has failed to comply with the directives of the orders entered by this court regarding provision of a current address.   It likewise appears that Moon is simply no longer interested in the prosecution of this case and any additional effort to secure his compliance would be unavailing and a waste of this court's scarce resources.   Finally, this case cannot properly proceed when Moon's whereabouts are unknown.

Accordingly, the court concludes that Moon's failure to comply with the orders of this court warrant dismissal of this case.  *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for

---

[1]The last address provided by Moon was the Russell County Jail. The court undertook a search of the inmate database maintained by the Alabama Department of Corrections at www.doc.state.al.us/inmatesearch to determine whether Moon no longer resided at the Russell County Jail due to a transfer to the state prison system.  This review indicated that Moon is not currently incarcerated in the state prison system.

failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that the Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **September 20, 2019**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of September, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE